### GENERAL EMPLOYMENT SERVICES v. THOMAS
Case No. SO82-5345
County Court, Orange County
August 1, 1983

Sam Meiner, for plaintiff.

Linda Thomas, pro se.

JAMES C. HAUSER, County Judge

---

THIS CAUSE came to be heard before this Court as a non-jury trial on April 20, 1983. Ms. Thomas signed an employment contract with the Plaintiff. The essence of the contract is that the Plaintiff would find the Defendant a job. The Plaintiff's compensation is projected on what the Defendant's salary would be for one year. The Plaintiff is not entitled to compensation for a part time job.

In the case at bar, the Defendant accepted a part-time job with Royce Tomlinson at $3.50 per hour as a clerical employee. She claims Royce Tomlinson told her that if she ever worked full time, he would pay the fee; Royce Tomlinson denies this.

After working part-time for two weeks, Ms. Thomas was offered a full-time position at $4.00 an hour. She worked three (3) hours when she received a phone call from the Plaintiff's president that she would have to pay a fee of $959.73. Upon hearing this, the Defendant quit. She admits that she would not have found a job without Plaintiff's services, but she would not have accepted the job if she knew she would have had to pay such a large fee. She further testified that no one at Plaintiff's place of employment explained the contract to her. The Plaintiff's claims of $959.73 is almost 80 times her total wage of $12.00.

Since this is a small claims case, this Court has broader latitude than in other cases. The Court may, during the course of the trial, in an effort to secure substantial justice, aid an unrepresented party in the presentation of material evidence and questions of law. Rule 7.140(e) and (f), Rules of Summary Procedure.

## UNCONSCIONABILITY

At the outset, any company which charges a client 80 times the client's total wages must be reviewed with the thought that it may be unconscionable. In determining whether the contract is unconscionable, the Court is guided by the decision of *Kohl v. Bay Colony Club Condominiums*, 398 So.2d 465 (Fla. 4th DCA 1981) and *Steinhardt v. Rudolph*, 422 So.2d 884 (Fla. 3rd DCA 1982). Both cases require that a court view the contract in terms of procedural unconscionability and substantive unconscionability.

82

Procedural unconscionability is defined as whether the Defendant had the absence of a meaningful choice in signing the contract. *Williams v. Walker Thomas Furniture Co.*, 350 F.2d 445 (D.C., 1965). In the case at bar, the Defendant signed a form contract with no opportunity to change the terms of that contract. In addition, the Court must review the individualized circumstances surrounding each contracting party. *Johnson v. Mobil Oil*, 415 F. Supp. 264 (E.D. Mich., 1976). The Court must consider the Defendant's age, education and business acumen. In the case at bar, the Defendant did not appear to be sophisticated in business matter. Further, she testified no one ever explained the consequence of signing the contract with her; especially since she was led to believe her employer would pay the fee.

Substantive unconscionability consists of whether the terms of the contract are unfair or unreasonable. Assessing an individual 80 times their total salary for finding that individual a job is obviously unreasonable.

In order for the contract to be considered unconscionable, the Court must find both procedural and substantive unconscionability. In the case at bar, the Defendant has met both tests.

This is not to say the Plaintiff is not entitled to a fee. However, that fee must be based not on the contractural terms, but on a quantum meriut basis. The Plaintiff is directed to set a hearing before this Court as to time spent working on placing the Defendant.

DONE AND ORDERED at Orlando, Orange County, Florida this 1 day of August, 1983.